## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MURIELITA NIEVES-COLÓN,<br><br>Plaintiff,<br><br>v.<br><br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIVIL NO. 19-1346 (GLS) |

## OPINION AND ORDER

Pending before the Court is Plaintiff's counsel's request for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1), in the amount of $12,949.50. Docket No. 40. For the reasons discussed below, Plaintiff counsel's Section 406(b) petition is **GRANTED in part and DENIED in part,** provided that the fees previously awarded by the Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), be refunded to Plaintiff.

### I.  Background

Plaintiff Murielita Nieves-Colón ("Plaintiff") signed a contingency fee agreement with Pedro G. Cruz Sánchez ("Cruz" or "Plaintiff's counsel") which established that, if Plaintiff succeeded in her claim, the Court could order the Social Security Administration ("SSA") to pay attorney's fees pursuant to the EAJA. Docket No. 40-1. The agreement also established that Section 406(b) fees could be requested and capped at 25% of past due benefits awarded to Plaintiff and her family. Id.

In April 2019, Plaintiff's counsel filed a complaint seeking review of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's disability benefits. Docket No. 3. The Commissioner submitted a motion in opposition to Plaintiff's request (Docket No. 13), and both parties had the opportunity to present their arguments before the Court during a hearing held on March 8, 2021. Docket No. 34. The Court issued an Opinion and Order granting Plaintiff's request and entered Judgment remanding Plaintiff's claim. Docket Nos. 35, 36. Plaintiff moved for attorney's fees under the EAJA. Docket No. 37. The parties reached an agreement for the payment of those fees in the amount of $8,300.00. Docket No. 38. The Court then granted Plaintiff's request for attorney's fees under the EAJA pursuant to the agreement between the parties. Docket No. 39.

On February 8, 2024, the SSA issued a Notice of Award ("NOA") granting Plaintiff past due benefits of $80,598.00 for August 2014 through January 2023, of which $7,200.00 were paid to counsel for work related to the second hearing held at the administrative level. Docket Nos. 40, 40-2.

On February 19, 2024 — eleven (11) days after the NOA was issued — Plaintiff's counsel requested the payment of attorney's fees pursuant to Section 406(b). Docket No. 40. Plaintiff's past due benefits are $80,598.00, and 25% of that amount was withheld for legal fees, that is $20,149.50. Docket Nos. 40, 40-2. Cruz requests $12,949.50 in attorney's fees which is lower than Section 406(b)'s 25% cap. Docket No. 40. Cruz sustains that his request is reasonable because it is significantly lower than the 25% established in the contingency fee agreement and he adequately represented Plaintiff in court proceedings. Id. The Commissioner neither objected nor assented to Cruz's request. Docket No. 41. The Court pauses to consider reasonableness and concludes that the attorney's fees requested are to be minimally reduced to account for administrative tasks.

## II.      Discussion

Attorneys who successfully represent a Social Security benefits claimant may be awarded attorney's fees under the EAJA or Section 406(b). Under the EAJA, the prevailing party may be awarded reasonable attorney's fees and expenses if the Government's position in the litigation was not "substantially justified". See 28 U.S.C. §2412(d)(1)(A); (d)(2)(A). The fees are calculated based on the time expended and the attorney's hourly rate. Id. In turn, Section 406(b) provides that attorneys' fees may be granted if the request is reasonable and does not exceed 25% of past due benefits awarded to the claimant. 42 U.S.C. §406(b)(1)(A). Unlike petitions under the EAJA, which are payable by the SSA, Section 406(b) fees are payable "out of, and not in addition to, the amount of past-due benefits" awarded to claimant. Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). If fee awards are claimed under both the EAJA and Section 406(b), the attorney must refund the claimant the amount pertaining to the smaller fee. Gisbrecht, 535 U.S. at 796.

Rule 9(d)(2) of the Local Rules of the District of Puerto Rico establishes that a party seeking attorney's fees under Section 406(b) has thirty (30) days after counsel's receipt of the original, amended, or corrected NOA to file the Section 406(b) petition. L. Cv. R. 9(d)(2). Plaintiff's counsel filed his request well within the thirty (30) days of the NOA, which was issued on February 8, 2024. Having decided that Cruz's request for Section 406(b) fees is timely, the Court must delve on its reasonableness. Gisbrecht, 535 U.S. at 807. Contingency fee agreements are "the primary means by which fees are set for successfully representing Social Security claimants in Court". Id. at 791, 807. However, when a

petition under Section 406(b) is made, courts are called to make an independent review of contingency-fee agreements to make sure that reasonable results are obtained. Id. Reasonableness is determined "based on the character of the representation and the results the representative achieved." Id. at 808; see also Roldán-Urbina v. Comm'r of Soc. Sec., 2022 WL 34663, at *2 (D.P.R. Jan. 4, 2022). When analyzing reasonableness, the Court considers whether: (1) the representation provided by the attorney was substandard, (2) the attorney can be deemed responsible for any delays in the resolution of the case, or (3) the contingency fee is disproportionately large in comparison to the amount of time spent by the attorney working on the case. Gisbrecht, 535 U.S at 807-08. Courts should reduce fees when these are "inordinately large" vis-à-vis counsel's efforts in the case. Id. If there is some "unearned advantage" for the attorney, the fee may be considered a windfall and should be disallowed. Id. See also Jeter v. Astrue, 622 F.3d 371, 377 (5th Cir. 2010); Siraco v. Astrue, 806 F.Supp.2d 272, 276 (D. Me. 2011). The Court's duty here is to make sure that Plaintiff's counsel is reasonably compensated for the efforts of his own making without losing sight that Section 406(b) fees are withheld from a disabled person's benefits.

Plaintiff's counsel requests an award of $12,949.50 in attorney's fees. Docket No. 40. Counsel seeks compensation for 20 hours of work at an hourly rate of $650,000.[1] Cruz asserts that the requested amount is reasonable because it does not exceed the statutory cap of 25% or the contingency fee agreement with Plaintiff. And because the case was resolved in his client's favor. Id.

There is no question that Plaintiff achieved a favorable result as the case was remanded to the SSA and an award of past due benefits was obtained. Docket Nos. 35, 40. Nothing in the record suggests that Cruz's representation was improper or substandard. Cruz did request three extensions of time to file the opening brief. Docket Nos. 15, 18, 20; Webb v. Richardson, 472 F.2d 529, 537 (6th Cir.1972) ("courts should be especially hesitant to award the statutory maximum in cases in which delay of any consequence have occurred"). But while the extensions of time did add approximately four months to the briefing schedule, the delays constitute only a small fraction of the time for which Plaintiff received past-due benefits. Furthermore, the fee requested by Cruz ($12,949.50) complies with the statutory cap, as it is well under 25% of Plaintiff's past-due benefits. see Miranda-Hernández v. Comm'r of Soc. Sec., 2022 WL 1079186, at *3 (D.P.R. Apr. 11, 2022) (noting that while Cruz's four requests for extensions

---

[1]    In support of his petition, Cruz submits a time log previously used to seek approval of EAJA fees, which reflects that a total of 36.2 hours was spent on Plaintiff's case. However, Cruz states that he is only seeking compensation for 20 hours of work in this petition. See Docket No. 40 ("As we negotiated a lower EAJA fee, the amount herein requested is lower. For the sake of [the] negotiated amount we will only charge 20 hours."). The Court also notes that under § 406(b), the maximum fee that can be paid to counsel is $12,949.50, as $7,200 of the total $20,149.50 was previously paid to counsel for work related to the second hearing at the administrative level. Id.

caused some unnecessary delay, the Court must also consider the reasonableness of the contingency agreement). In fact, the requested fee amounts to approximately 16% of Plaintiff's past-due benefits.

The hourly rate of $650.00 is also deemed reasonable. See Carrasquillo-Rosa v. C'mm'r of Soc. Sec., 2022 WL 3312974, at *4 (D.P.R. Aug. 11, 2022) (an award of $600.00 to $700.00 per hour is reasonable); Santiago Díaz v. C'mm'r of Soc. Sec., 2022 WL 420443, at *2 (D.P.R. Feb. 11, 2022) (granting counsel attorney's fees in at a rate of $600.00 per hour); Miranda, 2022 WL 1079186, at *3 (granting Cruz attorney's fees at a rate of $660.38 per hour); De Jesús-Rivera v. Comm'r of Soc. Sec., 2022 WL 405648, at *2 (D.P.R. Feb. 9, 2022) (granting attorney's fees at a rate of $702.70 per hour). Moreover, a review of the docket reveals that Cruz performed substantive work, such as drafting the complaint, reviewing transcripts, meeting with Plaintiff to discuss relevant documents and court orders, and preparing for and attending oral argument before the Court. Docket Nos. 34, 40-2. This justifies the 20 hours of judicial work requested by Cruz.

Nonetheless, a minimal reduction is warranted. Cruz reported 2 hours for "prepar[ing] service of for four summonses and mail[ing] them by certified mail." Id. However, "mailing" summons is akin to a delivery service and not substantive. Accordingly, one hour of this time is to be reduced under Gisbrecht. See Vázquez v. C'mm'r of Soc. Sec., 2023 WL 4285991, at *6 (D.P.R. June 30, 2023) (quoting Gisbrecht, 535 U.S. at 808).

In light of the totality of the circumstances, including Plaintiff's favorable outcome and the substantive work performed, the Court finds that only a minimal reduction is warranted. There is no mathematical formula for calculating a reduced fee. Using its independent judgment and for the reasons explained above, the Court reasons that an award of $12,299.50 (a one-hour reduction) is a fair compensation for the work performed.

### III.    Conclusion

Plaintiff counsel's Section 406(b) petition is timely and reasonable, but a minimal reduction in the requested fee is warranted. Plaintiff counsel's Section 406(b) request is **GRANTED in part and DENIED in part**. Plaintiff's counsel is granted $12,299.50 in attorney's fees. Plaintiff's counsel is ordered to refund Plaintiff the amount of $8,300.00 previously awarded under the EAJA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of December 2025.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge